IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
---

JUSTIN L. IRISH,

                     Plaintiff,
    v.                                                               OPINION and ORDER

ANDREW M. SAUL,                                     19-cv-35-jdp
  Commissioner of the Social Security Administration,

                     Defendant.
---

Plaintiff Justin L. Irish seeks judicial review of a final decision of defendant Andrew Saul, Commissioner of the Social Security Administration, finding Irish not disabled within the meaning of the Social Security Act. Irish contends that the administrative law judge, David R. Bruce, erred by: (1) conducting a faulty credibility analysis; (2) giving great weight to a consultant who wasn't qualified and then failing to adopt all of the consultant's restrictions; and (3) relying on records that predated Irish's claimed disability onset date by as much as three years. The court agrees with each of these contentions and will remand the case for further proceedings.

ANALYSIS

Irish seeks benefits for disability beginning on April 14, 2016. In a September 2017 decision, the ALJ found that Irish suffered from two severe impairments: degenerative disc disease and obesity. In light of these impairments, the ALJ found in his residual functional capacity assessment (RFC) that Irish could perform sedentary work, with the additional restrictions that he could not climb ladders, ropes, or scaffolds and could only occasionally

climb ramps and stairs, balance, stoop, kneel, crouch or crawl. R. 22–23.[1] Relying on the testimony of a vocational expert, the ALJ found that Irish couldn't perform his past jobs as a deck hand, welder, or box builder on a full-time basis but that he could perform other jobs that are available in significant numbers, such as archiver, stamper, and checker.

## A. Subjective complaints

The ALJ summarized Irish's testimony as follows: he can only sit for 20 minutes; he can stand for 10 to 15 minutes; he can walk for half a block; he can lift his son, who weighs 18 to 20 pounds; he engages in "minimal" daily activities; his pain medications only help "a little." R. 23. The ALJ found that Irish's impairments could be expected to produce his symptoms but that his "statements concerning the intensity, persistence, and limiting effect of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id.* Both sides assume that Irish would qualify as disabled if the ALJ accepted his testimony, so the court will make the same assumption.

Irish challenges the three reasons that the ALJ gave for discrediting Irish's testimony: (1) Irish's statement that his medication only helped a little is inconsistent with a statement from his treating physician that Irish was doing "relatively well"; (2) Irish's statement that he could lift his son was inconsistent with his other statements about his abilities; and (3) Irish failed to take his medication as directed.

The court agrees with Irish that none of these reasons support the ALJ's credibility determination. First, the statement from Irish's rheumatologist that Irish is doing "relatively well" appears in the same document that the rheumatologist notes that Irish has "constant

---

[1] Record cites are to the administrative transcript, located at Dkt. 8.

squeezing, cramping pain" in his lower back and is "totally medically disabled." R. 527. Read in context, the phrase the ALJ relies on doesn't contradict Irish's testimony that his medication provided him only limited relief. The fact that Irish was doing better doesn't show that his medication was effective. *Cf. Murphy v. Colvin,* 759 F.3d 811, 819 (7th Cir. 2014) ("Simply because one is characterized as 'stable' or 'improving' does not necessarily mean that she is capable of doing light work.").

Second, neither the ALJ nor the commissioner explain how Irish's statement about lifting his son is inconsistent with any of his other statements. Irish testified that he only picks up his son to place him on the changing table and that, when he does that, he has to stretch or lie down for a while. R. 59. He also testified that his wife's parents assist with taking care of the children during the day. R. 56. Those statements aren't inconsistent with any of the testimony cited by the ALJ. And the ALJ didn't otherwise explain how Irish's limited childcare activities undermined his disability claim. *See Forsythe v. Colvin*, 813 F.3d 677, 679 (7th Cir. 2016) ("[E]xtrapolating from what people do at home, often out of necessity, to what they could do in a 40-hour-a-week job is perilous. At home one has much greater flexibility about when and how hard and how continuously to work; one can rest during the day (which one can't do in a 9-to-5 job); and sheer necessity may compel one to perform tasks at home no matter how painful, such as taking care of one's child.").

Third, the commissioner doesn't try to defend the ALJ's consideration of Irish's failure to take his medication as directed. *See Engstrand v. Colvin,* 788 F.3d 655, 661 (7th Cir. 2015) (ALJ may not rely on claimant's inconsistent use of medication without giving claimant an opportunity to explain). The commissioner calls this harmless error because the remainder of the ALJ's credibility analysis is well supported. But, as discussed above, the ALJ relied on

3

multiple unsupported grounds for discrediting Irish's subjective statements, so the ALJ will have to conduct a new credibility analysis on remand.

B. Reliance on opinion by Ashok Jilhewar

The ALJ gave "great weight" to the opinion of Dr. Ashkok Jilhewar, in part because Jilhewar is a "seasoned expert." R. 26. The record doesn't disclose Jilhewar's specialty, but it is undisputed that he is a gastroenterologist. This raises an obvious question: how is an expert on the gastrointestinal tract qualified to give an opinion on degenerative disc disease? Neither the ALJ nor the commissioner address this issue. And Jilhewar's report—which consists of little more than checking boxes on a form—doesn't explain his qualifications either. R. 533–45. The commissioner points out that a medical source's specialty is only one of several factors that the ALJ was required to consider, *see* 20 C.F.R. § 404.1527(c), but this doesn't change the fact that the ALJ must actually consider the issue. *See Czarnecki v. Colvin*, 595 F. App'x 635, 644 (7th Cir. 2015) (ALJ erred in part by giving great weight to consultants without "explain[ing] their qualifications or specialties"). Particularly in a case like this one, in which the medical source's specialty is so far removed from the claimant's impairment, the ALJ should consider the medical source's qualifications.

But even if the court assumes that Jilhewar was qualified, the court also agrees with Irish's alternative argument, which is that the ALJ erred by giving great weight to Jilhewar's opinion but then failing to include all of Jilhewar's proposed restrictions in the RFC, without explaining the omissions. As for most of the omissions, Irish doesn't explain how they would affect the scope of jobs available to him. But there is one important exception: Jilhewar found that Irish couldn't stand or walk for more than 30 minutes at a time. R. 535. The commissioner says that finding is consistent with the ALJ's restriction to sedentary work, but that is simply

incorrect. Sedentary work includes walking or standing for up to two hours of an eight-hour workday. *Diaz v. Chater*, 55 F.3d 300, 306 (7th Cir. 1995). So the ALJ must reconsider his reliance on Jilhewar's opinion, and, if he finds that Jilhewar is qualified, the ALJ must explain which of Jilhewar's opinions he is including in the RFC and why.

## C. Onset date

Irish's claimed onset date is April 2016, but the ALJ listed the claimed onset date as July 2013, and he relied on medical records from 2013, 2014, and 2015 in concluding that Irish wasn't disabled. The commissioner admits that the ALJ erred but says that the error is harmless because there is no evidence that Irish's condition worsened after 2016. But that is incorrect. Both the ALJ and the commissioner acknowledge that Irish's 2016 MRI showed that his degenerative disc disease was progressing. R. 27 and Dkt. 13, at 8. So the ALJ should reconsider Irish's claim under the correct onset date. And if he believes that records preceding that date are relevant, he must explain why. *See Lambert v. Berryhill*, 896 F.3d 768, 778 (7th Cir. 2018) (criticizing ALJ for "fail[ing] to explain why [evidence from before the onset date] affected his evaluation of limitations documented more than a year later—particularly in light of the degenerative nature of [the plaintiff's] back condition").

## D. Conclusion

The ALJ erred by conducting a flawed analysis of Irish's subjective complaints and the medical opinion evidence and by relying on the wrong disability onset date. On remand, the ALJ should: (1) conduct a new evaluation of Irish's subjective complaints in light of the problems discussed in this opinion; (2) reconsider the weight to give to the opinion of Ashok Jilhewar, and, if the ALJ gives any weight to the opinion, explain which portion of the opinion

5

he is including in the RFC; and (3) reevaluate the evidence in light of the correct disability onset date.

ORDER

IT IS ORDERED that that the decision of defendant Andrew Saul, Commissioner of the Social Security Administration, denying plaintiff Justin Irish's application for disability insurance benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

Entered October 16, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge